

ORDERED in the Southern District of Florida on February 26, 2024.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  Case No. 23-17124-RAM

JAMES MICHAEL CARVAJAL,  Chapter 13

    Debtor.
_____/

**ORDER SUSTAINING TRUSTEE'S**
**OBJECTION TO EXEMPTION OF HOMESTEAD**

The question presented by the trustee's objection to exemptions is whether an individual debtor can claim a homestead exemption in property owned by a corporation that he partially owns. As discussed below, the answer is no.

The Court held a hearing on February 13, 2024 on the Trustee's Objection to Exemptions [DE# 26] (the "Objection") filed by Nancy K. Neidich, Chapter 13 Trustee (the "Trustee"), the Trustee's Objection to Exemption of Homestead [DE #61] (the "Amended Objection") filed by the Trustee, the Response to Objection to Claim of Homestead

1

Exemption [ECF 61] [DE# 67] (the "Response") filed by James Michael Carvajal (the "Debtor"), and the Reply to Response to Objection to Exemption of Homestead [DE# 69] filed by the Trustee.  The Court has reviewed the record, considered the argument of counsel at the hearing, and reviewed applicable law.

## Facts

On September 1, 2023 (the "Petition Date"), the Debtor filed a voluntary petition commencing this chapter 13 case.  In his initial bankruptcy schedules [DE# 1, Schedule A/B], the Debtor disclosed a "beneficial owner" interest in real property located at 1201 Marseille Drive, #17, Miami Beach, Florida 33141 (the "Property").  The Debtor identified the Property as his homestead and stated that the "Property is titled in the name of Phantom Enterprises & Services, Inc[.]" (the "Corporation").  Also in his initial bankruptcy schedules [DE# 1, Schedule C], the Debtor claimed the full value of the Property as exempt pursuant to Art. X, § 4(a)(1) of the Florida Constitution and Florida Statutes §§ 222.01 and 222.02.

According to the Debtor, the Debtor lived at his parents' residence in Florida from 2013 until January 2023 when he moved into the Property.  The Property was initially purchased by the Debtor and his two partners in the name of the Corporation with the intent to renovate and sell the Property.  The Property was renovated but never sold, although the Property was apparently listed for sale on the Multiple Listing Service in September 2022. It is undisputed that the Debtor has a partial ownership interest in the Corporation and that the Debtor resided at the Property as of the Petition Date.

On October 5, 2023, the Trustee held and concluded the Debtor's section 341 meeting of creditors. On October 10, 2023, the Trustee timely filed the Objection, objecting to the Debtor's claim of exemption of the Property as his homestead on the basis that the Property is held "in the name of a corporation."  Thereafter, on December 6, 2023 and

December 12, 2023, the Debtor filed amendments to Schedule C [DE## 56 and 58], removing and adding certain other assets that the Debtor claims as exempt. At all times, however, the Debtor claimed the Property as exempt as homestead. On December 14, 2023, the Trustee filed the Amended Objection, raising alternative objections to the Debtor's claimed homestead exemption based on the Debtor's intent to permanently reside at the Property and section 522(p) of the Bankruptcy Code.

The Debtor argues that he is entitled to claim the Property as exempt, despite the corporate ownership, citing *Callava v. Feinberg*, 864 So.2d 429 (Fla. 3rd DCA 2003), which the Debtor asserts "stands for the premise that a Debtor can exempt homestead property even if he has a beneficial ownership interest in the property as a partial owner of the corporation." The Debtor also responds that the Amended Objection was filed untimely pursuant to Fed. R. Bankr. P. 4003(b)(1). Even if the Amended Objection was filed timely, the Debtor disputes the Trustee's alternative objections based on requisite intent and section 522(p).

## Analysis

Article X, section 4(a), of the Florida Constitution, entitled "Homestead; exemptions," provides in relevant part: "There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, . . . property owned by a natural person." As such, the plain language of the Florida Constitution requires that the owner of the Property be a natural person to claim the homestead exemption. *See DeJesus v. A.M.J.R.K. Corp.*, 255 So. 3d 879 (Fla. 2d DCA 2018) (holding that the president and sole shareholder of a corporation that owned real property could not claim a homestead exemption in said property even though the president and sole shareholder resided there); *In re Duque*, 33 B.R. 201 (Bankr. S.D. Fla. 1983) (holding that the 100% stockholder of a

3

corporation that owns real property cannot claim said property as homestead to insulate the property from forced sale).

The *Callava* opinion, relied upon by the Debtor, does not support his homestead claim. In that case, a judgment creditor sought a lien on real property purchased by Callava, the judgment debtor. *Callava*, 864 So.2d at 431. However, the subject property was purchased in the name of "Jorge Gaviria, as Trustee," and Callava was a beneficiary of the trust. *Id*. The trial court imposed the lien and the judgment creditor sought to foreclose. *Id*. Callava argued that the property was her homestead, but the trial court entered the foreclosure judgment against her. On appeal, the Third District Court of Appeal of Florida reversed, concluding as follows:

> The constitutional provision "does not designate how title to the property is to be held and it does not limit the estate that must be owned. . . ." *Southern Walls, Inc. v. Stilwell Corp.*, 810 So. 2d 566, 569 (Fla. 5th DCA 2002). "[T]he individual claiming homestead exemption need not hold fee simple title to the property." *Id*. (citing *Bessemer Props., Inc. v. Gamble*, 158 Fla. 38, 27 So. 2d 832 (1946)). *See also HCA Gulf Coast Hospital v. Estate of Downing*, 594 So. 2d 774, 776 (Fla. 1st DCA 1991) (beneficiary of spendthrift trust entitled to claim homestead exemption as to trust property). Thus, <u>even if Callava owns only a beneficial interest in the property</u>, she is entitled to claim a homestead exemption to the forced sale of the property and the trial court erred in foreclosing her interest in the property.

*Id*. (emphasis added).

Thus, "*Callava* merely holds that one's ownership interest in the property need not be fee simple title in order to obtain the homestead exemption from the forced sale of the property to satisfy a judgment lien." *DeJesus*, 255 So. 3d at 881. In *DeJesus*, the Second District Court of Appeal of Florida declined to extend *Callava*, finding that "[w]hile the judgment debtor in *Callava* had some ownership interest in the property—as a beneficiary of the trust that owned it—in the instant case [the president and sole shareholder of the corporate title owner] has no ownership interest, either legal or equitable, in the property at

4

issue." *Id*. (citation omitted). The *DeJesus* Court "not[ed] that although [the appellee] is the president and sole shareholder of [the corporate title owner], such status did not give her an interest in the corporation's property." *Id*. (citing *Mease v. Warm Mineral Springs, Inc.*, 128 So. 2d 174, 179 (Fla. 2d DCA 1961) ("The stockholders do not have vested in them title in the corporate property."); *Hackney v. Niedecken*, 133 So. 3d 1228, 1230 (Fla. 2d DCA 2014) (holding that status as a corporate stockholder did not entitle that stockholder to payment made on corporation's property)).

This Court likewise declines to extend *Callava* to the facts of this case. The Corporation owns the Property, not the Debtor. While the Debtor is a part shareholder of the Corporation, the Debtor has no legal or equitable interest in the Property that would entitle the Debtor to claim a homestead exemption in the Property. The Debtor's stock in the Corporation is property of the estate, not the underlying assets of the Corporation. Accordingly, the Debtor is not entitled to claim a homestead exemption in the Property pursuant to Art. X, § 4(a)(1) of the Florida Constitution. Because the Debtor cannot claim homestead protection for property owned by a corporation that he partially owns, the Court does not reach the Trustee's alternative arguments in the Amended Objection that the Debtor did not have the requisite intent to permanently reside in the Property as of the Petition Date or that section 522(p) applies. Nor does the Court address the Debtor's assertion that the Trustee's alternative arguments in the Amended Objection were first presented after expiration of the deadline to object to exemptions.

For these reasons, the Court **ORDERS** that the Objection [DE# 26] is sustained.

###

Copies to:

Michael J. Brooks, Esq.
Nancy K. Neidich, Chapter 13 Trustee